DISTRICT OF OREGON
**F I L E D**
**August 31, 2026**
**Clerk, U.S. Bankruptcy Court**

Below is an order of the court.

PETER C. McKITTRICK
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>OREGON BREWING COMPANY,<br><br>Debtor. | Case No. 25-33945-pcm7<br><br>ORDER OVERRULING VALLEY VIEW WINERY, INC.'S OBJECTION TO SALE AND AUTHORIZING SALE OF INTELLECTUAL PROPERTY |

On August 26, 2026, the Court conducted a hearing on the Trustee's Notice of Intent to Sell Real or Personal Property at Private Sale, Compensate Real Estate Broker, and/or Pay any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing (ECF No. 148) (the "Motion"), and the objections Valley View Winery, Inc. filed thereto (ECF Nos. 160 and 163) (the "Objections").

Howard Levine appeared on behalf of the Trustee; Julia Manela appeared on behalf of Valley View. Other appearances are noted in the record.

Based on the Court's review of the Motion, the Intellectual Property Asset Purchase

Agreement attached thereto, the Objections, the arguments of counsel, and the input from parties who submitted overbids for the assets to be sold as described in the Motion (the "Assets'),

**IT IS HEREBY ORDERED**:

1. The Trustee's Motion is **GRANTED** as set forth herein.

2. The Objections are overruled.

. 3. The sale of the Assets, free and clear under 11 U.S.C. §363(f), is approved.

4. The Trustee is authorized to conduct an auction for the Assets.

5. Valley View retains its rights, if any, relating to the Rogue mark for wine, wine coolers, and vermouth as more fully described in the Objections (the "Claimed Assets").

6. Subject to the Bankruptcy Court's obligation to make an independent determination of its jurisdiction, the Bankruptcy Court retains exclusive venue and jurisdiction to hear and resolve any disputes relating to Valley View's claimed interest in the Claimed Assets, including those that may arise between Valley View and the successful buyer of the Assets. The retention of jurisdiction includes jurisdiction to establish which of the Claimed Assets, if any, in which Valley View claims an interest, was, at the time of sale of the Assets, property of the estate and subject to the sale. Completion of a sale of the Assets will not void the question of the estate's ownership interest in the Claimed Assets for the purpose of further determination relating to Valley View's claimed interest in the Claimed Assets.

//

//

//

//

//

//

//

7. The Court will enter a final sale order after the auction when the successful bidder is identified.

# # #

PRESENTED BY:

SUSSMAN SHANK LLP

By /s/ Howard M. Levine
Howard M. Levine, OSB No. 800730
hlevine@sussmanshank.com
Attorneys for Trustee, Kenneth S. Eiler